56 482
c148 565
148 577
149 344

JOHN N. STRAAT, Adm'r of WILMOT B. PEMBERTHY, Respondent, *vs.* STEPHEN UHRIG, *et al.*, Appellants.

1. *Trusts and trustees—Separate estate of married woman—Power of disposal and appointment—Failure to exercise—Rents and profits, etc.*—By the terms of a deed for the sole and separate use of a married woman, the trustee covenanted, * * * upon the death of her husband to convey and dispose of the property and all proceeds thereof in such manner and to such persons as she might by her will or other writing appoint, and in default of such appointment to convey the premises to the children when they should become of age. *Held*, that the deed created a springing contingent trust in favor of the children, which might be defeated by a disposition of the property by her during her life, or by an appointment to take effect after her death. But where no appointment was made during her life, the trustee, and not her administrator, was the person then authorized to hold the title and collect the rents till the children became of age, and afterward to pay over to them their respective shares.

*Appeal from St. Louis Circuit Court.*

*W. S. Richmond*, for Appellants.

The court below erred in giving the instruction asked by the plaintiff, which declared the leasehold property to be the absolute property of William B. Pemberthy. (Churchill vs. Reamer, 8 Bush [Ky.], 256 ; Ralston vs. Waln, 44 Penn. St., 279 ; Prior vs. Quackenbush, 29 Ind., 475 ; Delony vs. Delony, 24 Ark., 7 ; Black vs. Cartmell, 10 B. Mon., 188 ; Turnman vs. White, 14 B. Mon., 560.)

The effect of this instruction, and the consequent judgment for the plaintiff, was to deprive the children of Samuel and Wilmot B. Pemberthy of all interest in the property conveyed by these deeds. The two deeds taken together constituted an equitable provision for the wife and children of Samuel Pemberthy, the legal title being in Branch for the purpose of executing the trust only. Conveyances of this nature must be construed liberally (Wms. Real Prop. [3 Am. Ed.], p. 152) and effect given to every part, if possible. (Flagg vs. Eames, 40 Vt., 16 ; Collins, Adm'r vs. Lavelle, 44 Vt., 230 ; Prior vs. Quackenbush, 29 Ind., 475 ; Goodyear vs. Cary, 4 Blatchf. 271.)

*J. N. Straat*, for Respondent.

I. As the deed of Gilson to Branch, in trust for Mrs. Pemberthy, gave to Mrs. Pemberthy an absolute power of disposal, without limitation or qualification, she took an absolute and unqualified estate in the property conveyed therein. (Ruby vs. Barnett, 12 Mo., 3; Jackson vs..Robins, 18 Johns., 537.)

II. This being the separate and absolute property of Mrs. Pemberthy, on her death her administrator is the proper party to take charge of it, collect the-income arising therefrom, and administer the estate according to law.

ADAMS, Judge, delivered the opinion of the court.

This case originated before a justice of the peace and was taken by appeal to the Circuit Court, and a trial in the Circuit Court resulted in a judgment for the plaintiff, which was affirmed at General Term, and the defendant has brought the case here by appeal.

The action was for two month's rent, amounting to $110 alleged to be due to the plaintiff, as administrator of the estate of Wilmot B. Pemberthy, who died intestate in 1870, leaving four children, one of whom was of age when the case was tried and the others minors under twenty-one years. The record does not show when the children will arrive at maturity.

The defendants were tenants of certain household property in the City of St. Louis, which was held by Joseph W. Branch in trust for the sole and separate use of the said Wilmot B. Pemberthy, wife of Samuel Pemberthy. The intestate died without making any disposition of the property by appointment or otherwise, and the only question is, whether the trustee in the deed of settlement, by which the property was secured to the separate use of Mrs. Pemberthy, or her administrator was entitled to receive the rents after her death.

The solution of this question depends upon the proper construction of the deed of settlement, which reads as follows:

"This deed, made and entered into this 11th day of May, 1867, by and between George Gilson, of the city of St. Louis,

county of St. Louis, in the State of Missouri, party of the first part, Joseph W. Branch, of the same place, party of the second part, and Wilmot B. Pemberthy, wife of Samuel Pemberthy, of the same place, party of the third part. Witnesseth : that the said party of the first part, in consideration of the sum of three thousand dollars, to him in hand paid by the said party of the third part, the receipt of which is hereby acknowledged, and the further sum of one dollar to him paid by the said party of the second part, the receipt of which is hereby also acknowledged, does, by thesepresents, grant, bargain, sell and assign unto the said party of the second part, the leasehold property and estate situated in the city of St. Louis and county of St. Louis, in the State of Missouri—[Here follows a description of the premises, which is a leasehold to run from May, 1866, to the 30th day of April, 1876.]—To have and to hold the same, with all the rights, privileges and appurtenances thereto belonging, or in any wise appertaining, unto him, the said party of the second part, his heirs and assigns, for and during the continuance of said lease, in trust, however, to and for the sole and separate use, benefit and behoof of the said Wilmot B. Pemberthy ; and the said Joseph W. Branch, party of the second part, hereby covenants and agrees to, and with the said Wilmot B. Pemberthy, that he will suffer and permit her, without let or molestation, to have, hold, use, occupy and enjoy the aforesaid premises, with all the rents, issues, profits and proceeds arising therefrom, whether from sale or lease, for her own sole use and benefit, separate and apart from her said husband and wholly free from his control and interference, debts and liabilities, courtesy and all other interests whatsoever; and that he will at any and all times hereafter, at the request and direction of said Wilmot B. Pemberthy, expressed in writing, signed by her or by her authority, bargain, sell, mortgage, convey, lease, rent, convey by deed of trust for any purpose, or otherwise dispose of said premises or any part thereof, to do which, full power is hereby given, and will pay over the rents, profits, issues and proceeds thereof, to her, the said Wilmot B. Pemberthy, and that

he will, at the death of said Wilmot B. Pemberthy, convey and dispose of the said premises, or such part thereof as may then be held by him under this deed, and all profits and proceeds thereof in such manner, to such person or persons, and at such time or times as the said Wilmot B. Pemberthy shall, by her last will and testament or any other writing signed by her authority, direct or appoint; and in default of such appointment, that he will convey such premises to the children of Samuel Pemberthy and Wilmot B. Pemberthy, when they shall attain the age of twenty-one years."

[The remainder of the deed contains a power in Mrs. Pemberthy to appoint another trustee, and need not be recited here.]

This deed was duly executed and acknowledged by the grantor and Joseph W. Branch, the trustee. Mrs. Pemberthy died without making any appointment of the property or its proceeds, rents, &c., by will or otherwise.

The defendants paid the rents sued for to the trustee after receiving notice from the plaintiff not to pay the rents to any one but himself.

This deed is in the ordinary form of a deed of bargain and sale under the Statute of Uses, and is such as is generally adopted in family settlements. The consideration moved from the wife, and the object of the deed was no doubt to settle the property on her, to be at her absolute disposal during her lifetime, with power in her to dispose of the property by will or by any writing signed by her or by her authority, to be carried into effect by the trustee after her death.

By the terms of the deed there was a springing contingent trust created in favor of the children, which might be defeated by a disposition of the property by her during her life, or by an appointment to take effect after her death. As she made no such disposition or appointment, this contingent trust sprung up at her death and vested in the children; not, however, to be conveyed to them by the trustee till they became of age.

The manifest intention of the deed of settlement was to vest the absolute trust estate in the mother, with a springing contingent trust in favor of her children. The trustee is to hold the legal title and collect the rents, &c., till the children arrive at age, and then pay or convey to each one, as he or she arrives at age, their respective shares with the accumulated interest.

The trustee, therefore, after the death of Mrs. Pemberthy was entitled to receive the rents from the defendants and hold them for the benefit of the children.

Under this view, the judgment must be reversed and the cause remanded. Judge Wagner absent. The other judges concur.

———o———

*W. S. Richmond*, for Appellants.

